# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED HAWKINS,<br><br>           Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A.; BERYL HAWKINS,<br><br>           Defendants. | Case No. 17-cv-01954-BAS-AGS<br><br>**ORDER DENYING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS**<br><br>**[ECF No. 10]** |

Plaintiff Fred Hawkins commenced this action against Defendants Beryl Hawkins ("Hawkins"), his daughter, and Bank of America ("BOA") regarding the allegedly wrongful transfer $595,810.66 of Plaintiff's money to Hawkins' BOA accounts. (ECF No. 1.) Presently before the Court is BOA's Rule 12(b)(6) motion to dismiss Plaintiff's negligence and declaratory relief claims as to the BOA. (ECF No. 10.) For the following reasons, the Court **DENIES** BOA's motion to dismiss.

## I. BACKGROUND

Plaintiff, a ninety-one-year-old San Diego resident, held savings accounts with BOA. (ECF No. 1 ¶¶1, 7—8.) BOA is a national bank with a main office in North Carolina, and bank branches throughout the United States. (*Id.* ¶2.)

Hawkins, a resident of Tokyo, Japan, visited Plaintiff in San Diego, California in August 2016. (*Id.* ¶6.) On August 22, 2016, Hawkins went to a BOA branch in San Diego where she had two of Plaintiff's Certificates of Deposit liquidated – totaling $472,810.66. (*Id.* ¶7.) She transferred the liquidated funds as well as an additional $123,000 of Plaintiff's funds from his BOA accounts into her own BOA accounts. (*Id.*) She allegedly possessed a power of attorney over Plaintiff's affairs at the time of this conduct. (*Id*. ¶8.)

Within four days of these alleged transfers, Plaintiff and his then legal counsel Mr. Sousa met with Crystal Simpson, BOA's Financial Center Manager. (*Id.*) Plaintiff and Mr. Sousa informed BOA that Hawkins' transfers were not authorized and demanded that BOA immediately freeze her accounts. (*Id.* ¶¶11–13.) While BOA confirmed knowledge of Hawkins' transfers, instead of freezing Hawkins' accounts to prevent Hawkins from dissipating Plaintiff's funds, Mrs. Simpson assured Plaintiff that the matter would be handled by BOA's legal department. (*Id.* ¶13.) BOA took no action after Plaintiff's notification. (*Id.* ¶14.) Several months later, in March 2017, Plaintiff's current counsel sent BOA a letter demanding that BOA freeze Hawkins' accounts. (*Id.* ¶15.) Subsequently, BOA froze an unknown amount of money in Hawkins' BOA Accounts. (*Id.*) Plaintiff alleges that BOA refuses to return any of his funds without a notarized authorization or a court order directing the Bank to return the funds. (*Id.*) To this date, Plaintiff has not received any of his withdrawn funds, nor does he know the remaining balance frozen in Hawkins' accounts. (*Id. ¶*41.)

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v.*

*Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

### A. Plaintiff Has Stated a Negligence Claim Against BOA

To make out a claim for negligence, a plaintiff must plead four elements: duty, breach, causation, and damages. *See Marlene F. v. Affiliated Psych. Med. Clinic, Inc.*, 770 P.2d 278, 281 (Cal. 1989). Plaintiff asserts that Defendant was negligent by its failure to: (1) inquire into the transfers, (2) freeze Hawkins' accounts, and (3) follow its own policies and procedures. BOA seeks dismissal of Plaintiff's negligence claim solely on the ground that the Complaint fails to plausibly allege it owed Plaintiff a duty of care. The Court finds Hawkins adequately pleads his negligence claim based on the alleged failure to freeze her accounts.

#### 1. Plaintiff Plausibly Pleads BOA Owed a Duty of Care

Under California law, "[t]he existence of a duty of care toward an interest of another worthy of legal protection is the essential prerequisite to a negligence cause

of action . . . ." *Software Design & Application v. Hoefer & Arnett*, 56 Cal. Rptr. 2d 756, 760 (Cal. Ct. App. 1996). "'Duty' is merely a conclusory expression used when the sum total of policy considerations lead a court to say that the particular plaintiff is entitled to protection. Duty is an allocation of risk determined by balancing the foreseeability of harm, in light of all of the circumstances, against the burden to be imposed." *White v. S. Cal. Edison Co.*, 30 Cal. Rptr. 2d 431, 447 (Cal. Ct. App. 1994).

As an initial matter, the Court agrees that BOA owed no duty to initially investigate. Plaintiff alleges BOA "blindly relied on Hawkins' Power of Attorney when it knew or should have known that Hawkins was not the primary account holder, that the accounts were held by a senior citizen, and that Hawkins was transferring nearly $600,000 into a bank account of her own name." (ECF No. 1 ¶40.) He contends these were "red flags" that should have prompted BOA to either question Hawkins' motivations for the transactions or inquire as to Plaintiff's consent of the transactions. (*Id.*)

Although a bank owes its customers a general duty of care, under California law, a bank has no duty to monitor or "police" accounts for breaches of fiduciary duty. *See Chazen*, 71 Cal. Rptr. 2d at 465; *see also Desert Bermuda Properties v. Union Bank*, 71 Cal. Rptr. 93, 96 (Cal. Ct. App. 1968) (finding bank not required to inquire into financial relationship of corporation and its officers and directors acting within scope of their conferred authority until bank received notice that their authority had been revoked or bank officially learned that authorization never existed). The contractual relationship between a bank and its customers "does not involve any implied duty to supervise account activity, or to inquire into the purpose for which the funds are being used." *Chazen*, 71 Cal. Rptr. 2d at 465. Thus, banks are "not liable for the misappropriation of [a customer's] funds by [its authorized signatories]" except in extraordinary circumstances. *See Blackmon v. Hale*, 463 P.2d 418, 422 (Cal. 1970).

Therefore, despite the alleged initial "red flags," (ECF No. 1 ¶40), BOA owed "no duty to monitor fiduciary accounts for irregular transactions, to prevent improper disbursements from the accounts, or to conduct an investigation of possible misappropriation of funds." *See Chazen*, 71 Cal. Rptr. 2d at 465; *Desert Bermuda Properties*, 71 Cal. Rptr. at 96 ("Regardless of whatever suspicion might have lurked in the mind of the teller as to the destination of the proceeds, no duty of inquiry would have been cast on the bank."). Imposing such a duty on banks would create a substantial burden; California law "require[s] banking transactions to be processed quickly and automatically," and "[u]nder this system favoring expedited handling of funds transfers, a bank cannot be expected to track transactions in fiduciary accounts or to intervene in suspicious activities." *Chavez*, 71 Cal. Rptr. 2d at 466. Therefore, Plaintiff has not and cannot plausibly plead that BOA owed a duty to initially investigate Hawkins' transfers when they were made.[1]

Moreover, the Court further notes that Probate Code Section 4303 permits a third person, such as BOA in this instance, to rely in "good faith" on the authority of a power of attorney to avoid liability. *See* Cal. Prob. Code §4303. Plaintiff's complaint offers no allegations against the authority of his assigned power of attorney, Hawkins. Nor does Plaintiff allege that BOA lacked good faith in relying on Hawkins' authority as power of attorney over Plaintiff's affairs at the time of the transactions.

However, there are circumstances when banks have a duty of care. Banks "ha[ve] a duty to act with reasonable care in [their] transactions with depositors;" this duty is "an implied term in the contract between the bank and its depositor."

---

[1] Plaintiff's attempt to rely on his accounts as "Senior Economy" does not overcome this general rule. (ECF No. 1 ¶9); *see Das v. Bank of Am., N.A.*, 112 Cal. Rptr. 3d 439 (Cal. Ct. App. 2010) (finding that although bank was aware that account holder was elderly and mentally incapacitated, there were no allegations or facts indicating bank undertook a special fiduciary duty to account holder, or that it knew account holder was victim of scams.)

*Chavez Centennial Bank*, 71 Cal. Rptr. 2d 462, 469 (Cal. Ct. App. 1998). Plaintiff alleges that he had accounts with BOA and, therefore, BOA had an "implied duty to act with reasonable care in its transactions" with Plaintiff. *See Bullis v. Sec. Pac. Nat'l Bank*, 582 P.2d 109, 112 (Cal. 1978). A duty of care may also arise when individual notifies a bank of potential fraud occurring with respect to bank accounts. *See Das v. Bank of Am., N.A.*, 112 Cal. Rptr. 3d 439, 451—452 (Cal. Ct. App. 2010) (discussing *Murray v. Bank of Am., N.A.*, 354 S.C. 337 (S.C. Ct. App. 2003) (finding duty of due care where the evidence showed plaintiff notified the bank of fraud)). Plaintiff alleges that days after Hawkins' transfers, he and his legal counsel notified BOA of unauthorized conduct with respect to his accounts. (ECF No. 1 ¶11.) Assuming the truth of Plaintiff's allegations, Plaintiff has pleaded sufficient facts showing that BOA owed a duty of care to him.

### 2. Plaintiff Plausibly Pleads BOA Breached a Duty of Care

"[A] breach of a legal duty, or a duty imposed by law, comes within the very definition of negligence; and, if such be the proximate cause of an injury, it constitutes actionable negligence." *Hurtel v. Albert Cohn, Inc.*, 52 P.2d 922, 924 (Cal. 1936). Plaintiff alleges BOA breached its duty of care to him by "not taking any steps to rectify or investigate Hawkins's fraudulent transfers after receiving Plaintiff's complaint on August 26, 2016." (*Id.* ¶41.) Although a BOA employee assured Plaintiff his matter would be handled by the Bank's legal department, BOA allowed seven months to lapse before taking any action regarding Plaintiff's complaints. (*Id.* ¶¶13–15.) These allegations adequately show that BOA breached a duty of care to Plaintiff.

BOA's contention that Plaintiff failed to comply with California Financial Code Section 1450 (ECF No. 10 at 7), does not undermine the sufficiency of Plaintiff's allegations that BOA breached a duty of care to him. Section 1450 merely exhibits the requirements for mandatory account freezing in certain circumstances; it does not affect BOA's discretion to otherwise freeze accounts in other

circumstances. Indeed, BOA is alleged to have frozen Hawkins' accounts in March 2017 without an affidavit or court order. (ECF No. 1 ¶15.) BOA does not contest this allegation.  Moreover, mere compliance with a regulation or statute would not exclude the possibility that a defendant's act breached a duty of care owed to a plaintiff. *See Nevisv. Pac. Gas & Elec. Co.*, 275 P.2d 761, 763 (Cal. 1954) (discussing the mere fact that a company complied with the general orders of the Public Utilities Commission "[did] not affect the question of negligence due to the acts or omissions of the company as related to the particular circumstances of the case").

Plaintiff also alleges that BOA strayed from its own internal policies and procedures, resulting in a breach of the duty of due care. (ECF No. 1 ¶9.) While BOA correctly observes that a "[d]efendant has no legal duty to 'follow its own procedures,'" (ECF No. 12 at 3), Plaintiff intends to rely on BOA's policies and procedures as evidence of a breach, not as establishing a duty of care owed to plaintiff. (ECF No. 11 at 11.) An organization's compliance or noncompliance with its internal policies and manuals may be evidence of whether it breached a duty of care. *See Lugtu*, 28 P.3d at 259 (finding police safety manual "may not properly be viewed as establishing the applicable standard of care, but they may be considered by trier of fact in determining whether or not an officer was negligent in a particular case"); *Beal v. Blumenfeld Theatres, Inc.*, 2 Cal. Rptr. 110, 111 (Cal. Ct. App. 1960) (holding a violation of defendant's employee policies could not constitute negligence *per se*, but could be admissible for the jury to consider in determining the defendant's negligence). Because Plaintiff has adequately pleaded a breach of the duty of care owed to him, he may rely on BOA's noncompliance with its own internal policies and procedures as evidence of a breach of that duty.

### 3. Plaintiff Has Alleged Damages from the Alleged Negligence

Damages are an essential element of any claim for common law negligence. *See, e.g.*, *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 463 P.2d 770, 776

(Cal. 1970) ("No action will lie to recover damages if no damages have been sustained."). BOA contends that no harm from its alleged negligence resulted to Plaintiff because the withdrawals were undertaken pursuant to a valid power of attorney. (ECF No. 12 at 4.) However, Plaintiff alleges damages from the extensive time that elapsed between Plaintiff's notification to BOA of the alleged fraudulent transfers and BOA's freezing of the accounts, as well as the fact that Plaintiff remains unable to access the funds he alleges are his own. (ECF No. 1 ¶41.) Accepting the truth of these allegations, Plaintiff has sufficiently shown damages resulting from the alleged negligence.

### B. The Requested Declaratory Relief is Not Duplicative

A court may declare the "rights and other legal relations of any interested party" in a civil action. 28 U.S.C. § 2201. "Declaratory relief is appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986) (quoting *Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984)).

However, a district court has broad discretion to dismiss a declaratory judgment claim if it determines that the claim "would serve no useful purpose." *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (stating "If a district court . . . determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before dismissing the action."). "While the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate, the availability of other adequate remedies may make declaratory relief inappropriate." *Fimbres v. Chapel Mortg. Corp.*, No. 09-CV-0886, 2009 WL 4163332, at *5 (S.D. Cal. Nov. 20, 2009) (internal quotations and citations omitted). A federal court may decline to address a declaratory relief claim "where the substantive suit would resolve the

issues raised by the declaratory judgment action, . . . because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated." *Tina v. Countrywide Home Loans, Inc.*, No. 08-CV-1233, 2008 WL 4790906, at *2 (S.D. Cal. Oct. 30, 2008) (quoting *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir.1987)).

In the present case, the Court does not find Plaintiff's requested declaratory relief is duplicative. Instead, Plaintiff would be entitled to relief beyond what is requested in his negligence claims. Plaintiff alleges there is a current controversy between himself and BOA "concerning the entitlement of the moneys currently held in Hawkins' frozen bank accounts." (ECF No. 1 ¶18.) The declaratory relief sought here is a distinct remedy from what Plaintiff would receive from his negligence claim. Regardless of BOA's liability for negligence, Plaintiff seeks the release of his funds back to his accounts. (*Id.* ¶¶17–19.) The distinct judgment sought is to determine ownership rights to the funds and define the parties' conduct towards one another. Accordingly, the Court denies BOA's motion to dismiss Plaintiff's declaratory judgment cause of action.

## IV. CONCLUSION & ORDER

For the foregoing reasons, BOA's Motion to Dismiss, (ECF No. 10), is **DENIED**. BOA is **ORDERED** to file an answer to the Complaint (ECF No. 1) **no later than April 4, 2018**.

**IT IS SO ORDERED.**
**DATED: March 14, 2018**

Hon. Cynthia Bashant
United States District Judge