**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRED HAWKINS, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF AMERICA, N.A., *et al.*, <br><br> Defendants. | Case No. 17-cv-01954-BAS-AGS <br><br> **ORDER GRANTING IN PART AND DENYING IN PART *EX PARTE* MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT BERYL HAWKINS** <br><br> **[ECF No. 14]** |

Pending before the Court is Plaintiff's *ex parte* motion for an order authorizing Plaintiff to use alternative methods to serve the Complaint and Summons on Defendant Beryl Hawkins ("Hawkins"). (ECF No. 14.) Plaintiff requests three alternative avenues: (1) mail service via FedEx pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii), (2) email service pursuant to Rule 4(f)(3), and (3) service on the office of Hawkins' local San Diego attorney pursuant to Rule 4(f)(3). Plaintiff represents that Defendant Bank of America, N.A. ("BOA") does not intend to take a formal position on the *ex parte* motion. (*Id.*) Defendant BOA has not done so at the time of this Order. For the reasons herein, the Court grants in part and denies in part Plaintiff's *ex parte* request.

## I. BACKGROUND

In this action, Plaintiff alleges that Defendant Beryl Hawkins, one of his adult daughters, transferred nearly $600,000 of his life savings from Plaintiff's accounts with Defendant Bank of America, N.A to Hawkins' accounts. (ECF No. 1 ¶¶6–8.) Plaintiff alleges that Hawkins did so while she was in San Diego, California in fall 2016 and away from her residence in Tokyo, Japan. (*Id.* ¶6.) In the Complaint, Plaintiff stated his intent to serve Hawkins under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") given her residence in Japan. (*Id.* ¶3.)

After filing the Complaint, Plaintiff attempted to serve Hawkins at her residence in Japan pursuant to the Hague Convention. (ECF No. 14-2 (Declaration of Robert L. Hill ("Hill Decl.")) ¶5.) Plaintiff paid $2,500 to Viking Advocates, a third party consulting law firm which specializes in overseas service, to ensure proper translation of the documents from English to Japanese and to deliver the documents to Japan. (*Id.* ¶6.) The third party submitted a request for service abroad of judicial or extrajudicial documents to the Japanese Ministry of Foreign Affairs (the "Ministry"), which included both Japanese and English versions of the Summons and Complaint in this action. (*Id.*, Ex. E (copy of request).) The documents were delivered to the Ministry on October 19, 2017. (*Id.*, Ex. D (UPS delivery confirmation to Ministry).) Neither Plaintiff, Plaintiff's counsel, nor Viking Advocates has received any confirmation that the documents delivered to Japan over five months ago have been served on Hawkins. (*Id.* ¶7.) Counsel for Viking Advocates has unsuccessfully attempted to contact the Ministry to inquire about the status of the service attempt. (*Id.*) Plaintiff now moves to authorize an alternative method of service.

## II. DISCUSSION

### A. Request for Mail Service Under Rule 4(f)(2)(C)(ii)

Rule 4(f) permits service on an individual, other than a minor, an incompetent

person, or a person whose waiver has been filed, at a place not within any judicial district of the United States, by one of three means. Of the methods Rule 4(f) permits, it "does not denote any hierarchy or preference of one method of service over another." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Thus, a plaintiff may seek to use any one of the specified methods, as appropriate, to effectuate service on a defendant located abroad.

Here, Plaintiff has unsuccessfully attempted service on Hawkins under the means specified by Rule 4(f)(1). Rule 4(f)(1) expressly addresses service pursuant to the Hague Convention. *See* FED. R. CIV. P. 4(f)(1). Like the United States, Japan is a signatory to the Hague Convention. The Hague Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving state. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988). Service through a country's Central Authority is the principal means of service under the Hague Convention. Plaintiff indicates that he attempted service on Hawkins via the relevant Japanese authority, but to no avail. (Hill Decl. ¶¶6–7.)

Because Plaintiff has been unable to effectuate service on Hawkins under Rule 4(f)(1), he requests that the Court permit mail service by FedEx under a second means, set forth in Rule 4(f)(2)(C)(ii), at his expense. Under Rule 4(f)(2)(C)(ii), "if there is no intentionally agreed means, or if an international agreement allows but does not specify other means" an individual may be served "unless prohibited by the foreign country's laws, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." FED. R. CIV. P. 4(f)(2)(C)(ii). Plaintiff points to the Hague Convention as the relevant international agreement for the purposes of this alternative method of service. (ECF No. 14-1 at 5–6.) Article 10 of the Hague Convention permits other forms of service, such as service "by postal channels" or through judicial officers, provided that the state of

destination does not object. *See* Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 ("Hague Convention"), [1969] 20 U.S.T. 361, T.I.A.S. No. 6638, 1969 WL 97765, Art. 10; *see also United States Aviation Underwriters, Inc. v. Nabtesco Corp.*, No. C07-1221RSL, 2007 WL 3012612, at *1 (W.D. Wash. Oct. 11, 2007). Plaintiff has attached evidence that Japan does not object to sending judicial documents directly to person in their jurisdiction by postal channels, as specified in Article 10(a). (Hill Decl. ¶8, Ex. H.) Federal courts have repeatedly determined that Japan has not objected to mail service under Article 10(a) of the Hague Convention and, therefore, service on a defendant in Japan via postal channels is permissible. *See Leon v. Cont'l AG*, 176 F. Supp. 3d 1315, 1319–20 (S.D. Fla. 2016) (resting determination in part on United States State Department's "express interpretation" of Japan's view of Article 10(a)); *Levi Strauss & Co. v. Toyo Enter. Co.*, 665 F. Supp. 2d 1084, 1094 (N.D. Cal. 2009) ("Japan has not stated any objection to Article 10(a)") (citing *Fireman's Fund Ins. Co. v. Fuji Elec. Sys. Co., Ltd.*, No. C-04-3627 MMC, 2005 WL 628034, at *3 (N.D. Cal. Mar. 17, 2005)); *Nanya Tech. Corp. v. Fujitsu, Ltd.*, No. 06-00025, 2007 WL 269087, at *4 (D. Guam Jan.; 25, 2007) (noting that "[e]ven after a number of courts have upheld service by mail on Japanese parties, Japan has still apparently not objected to Article 10(a)"); *Schiffer v. Mazda Motor Corp.*, 192 F.R.D. 335, 338–39 (N.D. Ga. 2000) (citing the report by the 1989 Special Commission on the operation of the Hague Convention, the Japanese delegation's statement to the Special Commission, and the United States Department of State's opinion explaining the statement of the Japanese delegation).

Although federal courts have determined that service on a defendant located in Japan may be effectuated via international mail, one federal district court in the Ninth Circuit has determined that "it is undisputed that the law of Japan forbids service of process by Federal Express delivery." *Fireman's Fund Ins. Co.*, 2005 WL 628034, at *3 (finding service by FedEx on defendant located in Japan was forbidden by

Japanese law based on declaration). After a review of the declaration on which the *Fireman's Fund* court relied, this Court is not persuaded that Japanese law affirmatively prohibits mail service by FedEx such that mail service under Rule 4(f)(2)(C)(ii) is unavailable to Plaintiff. A close review of the declaration shows that it does not identify any affirmative prohibition under Japanese law that prohibits mail service by FedEx in connection with foreign litigation. *See Fireman's Fund Ins. Co. v. Fuji Elec. Sys. Co., Ltd*., No. C-04-3627 MMC, ECF No. 11 ¶¶8–11.) Rather, the declaration refers to the *tokubetsu sotatsu* procedure for service of process in Japan for a litigation pending in Japan. *Id.* As another federal court concluded with respect to this procedure, "[w]hile there may be strict and formal procedures for effectuating service in Japan, it is of little consequence to this court's determination" regarding valid service for the purposes of litigation in the United States. *Nanya Tech. Corp*., 2007 WL 269087, at *4; *see also Schiffer*, 192 F.R.D. at 339 ("[I]t is possible, and even likely, that service in Japan by mail, which may be considered valid service by courts in the United States, would not be considered valid service in Japan for the purpose of Japanese law." (quoting *United States Department of State Opinion Regarding the Bankston Case and Service by Mail to Japan Under the Hague Service Convention*, 30 I.L.M. 260, 261 (1991))). In the absence of evidence showing a prohibition on mail service by FedEx under Japanese law, the Court concludes that Plaintiff may attempt service on Hawkins via this method.

In granting Plaintiff's request, the Court will modify Plaintiff's request to direct the Clerk of the Court to use United States postal service international express mail to effectuate service and send a copy of the relevant materials via FedEx. *See Leon v. Cont'l AG*, 176 F. Supp. 3d 1315, 1320 (S.D. Fla. 2016) (directing clerk of the court to serve defendant located in Japan by United States postal service international express mail and by sending a copy of the complaint and summons sent via FedEx).

## B. Requests for Alternative Service Under Rule 4(f)(3)

Plaintiff also requests a court order under Rule 4(f)(3) permitting email service on Hawkins and service on Hawkins' attorney located in the United States. In an abundance of caution, the Court considers whether any alternative method of service on Hawkins should also be permitted under Rule 4(f)(3).

Rule 4(3) permits service on an individual located abroad "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). As Plaintiff observes (ECF No. 14-1 at 6), the Ninth Circuit has determined that "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio Properties, Inc. v. Rio Int't Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum Fin. Group, LLC v. President & Fellows*, 199 F.R.D. 22, 23–23 (D. Me. 2001)). The Ninth Circuit has expressly recognized that "the advisory notes [to the Rule] indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means." *Rio Properties, Inc.*, 284 F.3d at 1015. Even though Rule 4(f)(3) contains no such requirement, Plaintiff has shown that he has attempted by other means before seeking a court order under Rule 4(f)(3).

Plaintiff's Rule 4(f)(3) requests for alternative service by email and on Hawkins' U.S.-based counsel are amply supported by case law. *See Rio Properties, Inc.*, 284 F.3d at 1016 (recognizing that under Rule 4(f)(3) "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email.") (citing, *inter alia*, *Forum Fin. Group*, 199 F.R.D. at 23–24 (authorizing service to defendant's attorney) *and Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719–20 (Bankr. N.D. Ga. 2000) (authorizing service via email)); *Tatung Company Ltd. v. Hsu*, SA CV 13-1743-DOC (ANx) 2015 WL 11089492, at *2 (C.D. Cal. May 18, 2015) ("Courts routinely authorize email service under Rule 4(f)(3)") (citing cases); *Richmond Techs., Inc. v.*

*Aumtech Bus. Solutions*, No. 11–CV–02460–LHK, 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011) ("Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)") (citing *Knit With v. Knitting Fever, Inc*., Nos. 08–4221, 08–4775, 2010 WL 4977944, at *4 (E.D. Pa. Dec.7, 2010)). Federal courts have authorized both of these alternative methods of service for Japanese defendants. *See Xilinx, Inc. v. Godo Kaisha IP Bridge 1,* 246 F. Supp. 3d 1260, (D. Ore. 2017) (permitting alternative service on Japanese corporation via service on the corporation's counsel in the United States); *Liberty Media Holdings, LLC v. March*, No. 10cv1809 WQH (BLM), 2011 WL 197838, at *2 (S.D. Cal. Jan. 20, 2011) (permitting email service on Japanese defendant because record demonstrated it was not prohibited by international agreement and was reasonably calculated to apprise defendant of action). Thus, the Court finds that Plaintiff has identified permissible alternative methods of service under Rule 4(f)(3).

Even if alternative methods of service a plaintiff seeks are facially permitted by Rule 4(f)(3), the proposed alternative method must nevertheless comport with constitutional notions of due process. *Rio Properties, Inc*., 284 F.3d at 1016. This requires that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314, (1950) (Jackson, J.). If a plaintiff fails to show that the alternative method of service comports with due process, then a court should deny authorization of that method.

Here, the Court finds that Plaintiff has shown that service on Hawkins' U.S. counsel is reasonably calculated to apprise Hawkins of this litigation. The record reflects that Hawkins' local attorney, Michael Kusnir, sought to settle Plaintiff's dispute with Hawkins before Plaintiff filed the Complaint through letter communications with Plaintiff. (Hill Decl. ¶4, Exs. B, C.) These letter communications clearly indicate that Mr. Kusnir was in contact with Hawkins

regarding Plaintiff's dispute, particularly given Mr. Kusnir's representations regarding his authority to propose a settlement. Although the record shows that Hawkins' local attorney disavowed that he was authorized to accept service of any complaint related to the dispute (*id.*), this disavowal does not defeat a finding that alternative service on a defendant's U.S. attorney comports with due process. *See Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-cv-00669-YGR, 2017 WL 1378532, at *4 (N.D. Cal. April 11, 2017) ("Courts in the Ninth Circuit have ordered service through United States-based counsel even when counsel has refused to accept service on the ground that they do not represent the international defendants") (citing *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565–66 (C.D. Cal. 2012)); *Forum Fin. Grp., LLC*, 199 F.R.D. at 24 (D. Me. 2001) (authorizing court-directed service on a defendant who resided in Russia by service upon his New York attorney despite the attorney's objection that he was not authorized to accept such service). Considering the totality of the circumstances in this case, the Court is persuaded that service of a copy of the complaint and summons on Hawkins' local counsel is reasonably calculated to apprise Hawkins of the pendency of this action. *See Rio Properties, Inc.*, 284 F.3d at 1017 (finding service on defendant's attorney was appropriate because attorney had been consulted regarding the lawsuit and it "seemed clear" that the attorney was in contact with the client); *In re TFT-LCD Antitrust Litig.*, Nos. M 07–1827 SI, C 09–1115 SI, MDL. No. 1827, 2009 WL 4874872, at *4 (N.D. Cal. Oct. 6, 2009) (permitting service on defendants' U.S. counsel where record "clearly indicates" that foreign defendants had consulted U.S. counsel regarding the lawsuit). Accordingly, the Court will grant Plaintiff's request to permit service of a copy of the summons and complaint on Hawkins' U.S.-based attorney.

However, the record does not reflect that email service is reasonably calculated to apprise Hawkins of the pendency of this action. Plaintiff states that he is aware of Hawkins' email address and provides an email address he designates as belonging to

her. (ECF No. 14-3 (Declaration of Fred Hawkins) ¶4.) Plaintiff states that he does not currently communicate with Hawkins at that email address. (*Id*.). The only basis for Plaintiff's conclusion that this is Hawkins' email address appears to be that Plaintiff was copied onto an email in late January 2018 sent by another family member to him and Hawkins. (*Id*.) Plaintiff does not provide supporting documentation regarding the email address he identifies as belonging to Hawkins, such as a copy of the email that was sent or any response by Hawkins to that email. Plaintiff does not otherwise provide evidence that Hawkins regularly communicates from that email address. The Court finds that there is far too thin of an evidentiary basis to conclude that service at the email address Plaintiff identifies is appropriate. *See First Time Videos, LLC v. v. FTV Programmgesellschaft MbH*, No. 2:14-cv-01764-GMN-CWH, 2015 WL 5474650, at *2 (D. Nev. Sept. 16, 2015) (denying request for email service where plaintiff did not provide evidence it communicated with defendant at the email address or that it was a valid email address); *cf. Tatung Co. Ltd.*., 2015 WL 11089492, at *3 (finding email service would comport with due process where the unserved defendants "regularly used" the email, emails to the addresses were not returned as undeliverable, and the plaintiff "provided other indicia that the email addresses for the Unserved Defendants are in fact their address"); *Philip Morris USA Inc., v. Veles Ltd*., No. 06 CV 2988 (GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar. 13, 2007) (permitting email service where plaintiff demonstrated, in part, that the defendants corresponded regularly via email). Accordingly, the Court denies Plaintiff's request to permit email service on Hawkins under Rule 4(f)(3).

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's *ex parte* request to authorize alternative service of process on Defendant Hawkins (ECF No. 14) as follows:

1. The Court **GRANTS** Plaintiff's request to effectuate mail service on Hawkins pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii). At Plaintiff's

1 | expense, the Clerk of the Court shall serve Defendant Beryl Hawkins by sending one
2 | copy of the service package prepared by Plaintiff via United States postal service
3 | international express mail, return receipt requested and FedEx. The package must
4 | include: (1) Plaintiff's Complaint; (2) the Summons to Hawkins; (3) the Civil Cover
5 | Sheet; (d) this Order; and (e) a cover letter provided by Plaintiffs. The address to use
6 | for Hawkins is: 2-11-3 Sobudai, Sagamihara-shi, Kanagawa-ken, Tokyo 252-0324,
7 | Japan.

8 |     2.    The Court **GRANTS** Plaintiff's request to permit service of a copy of
9 | the Complaint and Summons on Hawkins' U.S.-based attorney, Michael Kusnir,
10 | under Rule 4(f)(3). Plaintiff may serve the complaint and summons Michael Kusnir,
11 | along with a copy of this Order.

12 |     3.    The Court **DENIES** Plaintiff's request to permit service by email on
13 | Defendant Hawkins under Rule 4(f)(3).

14 | **IT IS SO ORDERED.**

15 | 
16 | **DATED: April 4, 2018**

Hon. Cynthia Bashant
United States District Judge