1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10   FRED HAWKINS,

11                                    Plaintiff,          Case No. 17-cv-01954-BAS-AGS

12                                                        **ORDER:**

13          v.                                            **(1) GRANTING DEFENDANT
                                                          BERYL HAWKINS' *EX PARTE***
14   BANK OF AMERICA, N.A., *et al.*,                     **MOTION TO SET ASIDE THE
                                                          ENTRY OF DEFAULT;**
15                                    Defendants.
                                                          **[ECF No. 31]**
16
                                                          **(2) DENYING PLAINTIFF'S
17                                                        MOTION FOR DEFAULT
                                                          JUDGMENT AGAINST
18                                                        DEFENDANT HAWKINS;**
19
                                                          **[ECF No. 28]**
20
                                                          **AND**
21
                                                          **(3) TERMINATING AS MOOT
22                                                        PLAINTIFF'S MOTION TO
                                                          EXPEDITE**
23
                                                          **[ECF No. 36]**
24

25   **I.     BACKGROUND**

26          Plaintiff Fred Hawkins brought this suit against Defendants Beryl Hawkins and

27   Bank of America, N.A., on September 26, 2017, alleging that his daughter stole

28   nearly $600,000 of his life savings from his Bank of America accounts.  (ECF No.

1.) On April 4, 2018, the Court authorized Plaintiff to effectuate service on Defendant Hawkins, a resident of Japan, by serving her U.S.-based attorney after Plaintiff showed that he had been unable to effectuate service through other methods. (ECF No. 17.) Plaintiff filed proof of service on Defendant Hawkins' U.S.-based attorney, which shows service was effected on April 21, 2018. (ECF No. 22.) Three weeks later, Plaintiff requested entry of default against Defendant Hawkins, which was entered by the Clerk of the Court on May 16, 2018. (ECF Nos. 23, 25.) A week later, Plaintiff filed an *ex parte* motion for default judgment against Defendant Hawkins, which is pending before the Court. (ECF No. 28.)

Before the Court is also an *ex parte* motion to set aside the entry of default against Defendant Beryl Hawkins, which includes a motion to dismiss[1], filed on June 14, 2018. (ECF No. 31.) At the Court's instruction, Plaintiff Fred Hawkins has filed an opposition solely to the *ex parte* motion to set aside the entry of default as a threshold issue the Court must resolve. (ECF Nos. 33, 34.) Plaintiff has filed a motion to expedite ruling on Defendant Hawkins' *ex parte* motion to set aside entry of default. (ECF No. 36.) For the reasons herein, the Court grants Defendant Hawkins' *ex parte* motion, denies Plaintiff's *ex parte* motion for default judgment, and terminates as moot Plaintiff's motion to expedite ruling.

## II. LEGAL STANDARD

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause shown." Fed. R. Civ.

---

[1] The purported motion to dismiss lacks a hearing date, which is necessary for setting a briefing schedule. (*See* ECF No. 31.) Although filed with the *ex parte* motion to set aside entry of default, the motion to dismiss lacks the exigency that necessitates *ex parte* relief and the Court will not address the merits of the motion at this time. Rather, the Court construes the motion to dismiss as a proposed motion that bears upon whether default should be set aside.

P. 55(c). A district court has "especially broad" discretion to determine whether good cause has been shown when "it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986); *Joe Hand Promotions, Inc. v. Williams*, No. 2:14-cv-02663-JAM-AC, 2015 WL 592361, at *2 (E.D. Cal. Oct. 9, 2015) (quoting *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)) (noting that although the "same test applies for motions seeking relief from default judgment under both Rule[s] 55(c) and 60(b), the test is more liberally applied in the Rule 55(c) context."). The court's exercise of its discretion is guided by three disjunctive factors: (1) whether the defendant engaged in culpable conduct leading to the default; (2) whether the defendant has a meritorious defense; or (3) whether setting aside the default would prejudice the plaintiff. *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004). A district court may deny a motion to set aside an entry of default if any factor weighs against setting the default aside. *Id.* at 926.

## III. DISCUSSION

### A. Culpability

Determining whether a party's culpability led to the entry of default under Rule 55(c) is a similar inquiry as to whether a party has shown "excusable neglect" under Rule 60(b)(1). *See TCI Group Line Ins. Plan v. Knoebber*, 244 F.3d 691, 695–97 (9th Cir. 2001). Only intentional conduct is sufficiently culpable to deny a motion to set aside default. *Id.* at 698; *FOC Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp.*, 612 F. Supp. 2d 1080, 1082 (D. Ariz. 2009). Such conduct occurs when the party "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp. Line Ins. Plan*, 244 F.3d at 697 (emphasis in original). Nonappearance of the party following receipt of notice of the action is insufficient to constitute conduct sufficiently culpable to preclude setting aside entry of default. *Id.* at 698 ("'culpability' involves 'not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial

proceedings'") (quoting *Gregorian v. Izvestia*, 871 F.2d 1515, 1525 (9th Cir. 1989));
*see also United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615
F.3d 1085, 1089 (9th Cir. 2010) ("[T]o treat a failure to answer as culpable, the
movant must have acted with bad faith, such as an intention to take advantage of the
opposing party, interfere with judicial decisionmaking, or otherwise manipulate the
legal process.").

Defendant Hawkins contends that the entry of default against her resulted from
excusable neglect. (ECF No. 31 at 2.) She claims that (1) she was not properly served
with the Complaint and (2) she had no notice of the matter until she was contacted
her counsel around June 1, 2018. (*Id.*) Defendant claims that she gave counsel
authority to accept service of the complaint on her behalf at that point and that she is
now "acting promptly and does not wish to delay matters." (*Id.* at 3.) Insofar as
Defendant Hawkins contends that service was not proper because it was served on
her U.S.-based attorney, Michael Kusnir, the Court rejects that argument. The Court
expressly authorized Plaintiff to effectuate service on Defendant Hawkins through
service on her U.S.-based attorney, Michael Kusnir, under Federal Rule of Civil
Procedure 4(f)(3). (ECF No. 17.) The Court determined that, based on the facts
presented to the Court, service on Attorney Kusnir was reasonably calculated to
provide her with notice of this action. (*Id.*) Thus, service on Attorney Kusnir
constituted service on Defendant Hawkins, so long as it otherwise comported with
the requirements to effectuate service—an issue Defendant Hawkins apparently seeks
to dispute.

Even so, the Court finds that Defendant Hawkins' failure to timely respond to
the Complaint after service on Attorney Kusnir resulted from excusable neglect.
Attorney Kusnir states that he was away from his office for "much of April and May
of 2018," during which time Plaintiff served the Complaint. (ECF No. 31 ¶ 20
("Kusnir Decl.").) Attorney Kusnir contacted Defendant Hawkins on June 1, 2018
when he discovered a proof of service of the Complaint in his mail and informed her

of the legal proceedings in this case. (*Id.* ¶ 22.) Defendant Hawkins "eventually contacted" Attorney Kusnir and requested that he represent her in this current matter. (*Id.* ¶ 24.) Thereafter, Attorney Kusnir sought to have Plaintiff's counsel "dismiss the clerk's entry of default," and filed the present *ex parte* motion on June 14, 2018. (*Id.* ¶ 29–30.) Based on these facts, the Court does not find that Defendant Hawkins engaged in intentional conduct to hinder the proceedings in this case. *See, e.g., Abbate Family Farms Ltd. P'ship v. Leo L. Cotella & Co.*, No. C 09-04836 JSW, 2010 WL 694230, at *2 (N.D. Cal. Feb. 23, 2010) (noting that although defendant did not file responsive pleading within time allowed by the law due to failure to retain legal counsel, defendant obtained counsel within a reasonable time after discovery of entry of default). Rather, after she received actual notice of the lawsuit, Defendant Hawkins filed the present motion to set aside the entry of default within a reasonable period of time and has shown that she is prepared to defend against the claims Plaintiff asserts.[2] Thus, this factor does not weigh against setting aside default.

## B. Prejudice

Prejudice to a non-moving party "must result in greater harm than simply delaying resolution of the case[,] [r]ather, the standard is whether [the non-movant's] ability to pursue his claim will be hindered." *TCI Grp. Life Ins. Plan*, 244 F.3d at 701; *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

---

[2] Plaintiff argues that Defendant Hawkins' conduct is culpable because Attorney Kusnir "fail[ed] to remain active with his legal practice and/or inquire with the [office] staff as to incoming documentation" after the Complaint was served at his office on April 10, 2018. (ECF No. 34 at 11.) This argument, however, focuses on Attorney Kusnir's conduct, rather than that of Defendant Hawkins. Plaintiff identifies no intentional conduct by *Defendant Hawkins* that would counsel against setting aside the entry of default. Without more, the Court will not impute intentional conduct to Defendant Hawkins based on Attorney Kusnir's oversights. *See, e.g., Hoch v. Mayberg*, No. 1:10-cv-2258-DLB-PC, 2012 WL 1158860, at *3 (E.D. Cal. Apr. 6, 2012) (finding good cause to set aside procedural default where it was "evident from the record that the delay in responding to Plaintiff's complaint was due to error by Defendants' counsel").

"[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *TCI Grp. Life Ins. Plan*, 244 F.3d at 701; *see also Abbate Family Farms Ltd. P'ship*, 2010 WL 694230, at \*2 (observing that the "[p]laintiff still would have had to prosecute the case if default had not been entered" and thus having to expend additional time and money was not prejudicial).

Although Defendant Hawkins does not expressly argue Plaintiff would not face prejudice from setting aside the entry of default, she contends that the denial of a "quick recovery" through a default judgment is not sufficient to preclude relief from the entry of a default. (ECF No. 31 at 2.) In opposition, Plaintiff contends that he will suffer prejudice because setting aside the entry of default will result in "more delay" and "force him to incur substantially more attorney's fees." (ECF No. 34 at 12.) Plaintiff's contentions are unavailing.

For one, incurring additional time and expense in litigating a case on the merits is not prejudice that precludes setting aside a procedural default. *See Abbate Family Farms Ltd. P'ship*, 2010 WL 694230, at \* 2 (incurring litigation fees is not prejudicial). As for Plaintiff's assertion of delay, "delay alone does not constitute the sort of prejudice cognizable upon a Rule 55(c): 'it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Apache Nitrogen Prods., Inc. v. Harbor Ins. Co.*, 145 F.R.D. 674,682 (D. Ariz. 1993) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)); *see also Tamburri v. Suntrust Mortg., Inc*., No. C-11-2899-EMC, 2011 WL 6294472, at \*23 (N.D. Cal. Dec. 15, 2011) (identifying same grounds as necessary for delay to constitute prejudice). These considerations underscore that prejudicial delay exists when a plaintiff's ability to litigate his claim will be hindered. Plaintiff does not identify any such prejudice in his opposition to Defendant Hawkins' motion.

Rather, the principal harm from delay Plaintiff asserts concerns his need for recovery of the damages he seeks in this case, for reasons unrelated to this litigation.

Plaintiff contends that he is "in dire need of the $600,000 in life savings his daughter stole from him two years ago" because of the deterioration of his health since the filing of this lawsuit.[3]   (ECF No. 34 at 12; ECF No. 34-2 ¶12 ("Hill Decl.").) Plaintiffs reiterates concerns about his physical health and related financial needs in his motion for an expedited ruling.  (ECF No. 36.)   Although the Court is not insensitive to Plaintiff's assertion about his financial needs, "[d]efault is an inappropriate method of adjudication when it appears that defendant intends to contest" the allegations.  *Hart v. Parks*, No. CV-00-07420 ABC (RNBx), 2001 WL 636444, at *4 (C.D. Cal. June 1, 2001).  Default judgments are the exception to securing recovery for the claims a party asserts—not the rule.  Despite Plaintiff's assertions of his deteriorating health, those assertions also do not establish legal prejudice that precludes setting aside the entry of a procedural default.  *See, e.g., Kim v. Wilmington Trust Co.*, No. 17-cv-528-WQH-AGS, 2017 WL 6541139, at *4 (S.D. Cal. Dec. 21, 2017) (rejecting plaintiff's assertion that "he will be prejudiced because the prolonged litigation is challenging considering his health and age" and setting aside procedural default); *Snow v. Shwe*, No. 1:15-cv-01606-SAB (PC), 2016 WL 7384001, at *2 (E.D. Cal. Dec. 20, 2016) (plaintiff's assertion of deteriorating vision not sufficient preclude setting aside procedural default).  Accordingly, the Court does not find that this factor precludes setting aside the entry of default.

### C.  Meritorious Defense

Finally, "[a] party in default . . . is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default."  *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).  To satisfy this

---

[3] Plaintiff repeatedly characterizes "delay" by referring to the amount of time that has lapsed since the conduct alleged in the Complaint—some two years.  (ECF No. 34 at 1, 3, 12.)  Yet, cognizable delay concerns the litigation itself.  This case was filed less than a year ago and Defendant Hawkins received actual notice of the litigation, based on the method of service authorized by the Court, around June 2018.

standard, the movant must "present specific facts that would constitute a defense." *TCI Grp. Life Ins. Plan*, 244 F.3d at 700. Whether the factual allegations are true is not determined by the court when it decides to set aside a default. *Mesle*, 615 F.3d at 1094. "The 'meritorious defense' requirement is 'not extraordinarily heavy.'" *Livingston v. Art.com, Inc.*, No. 13-cv-03748-JSC, 2015 WL 4319851, at *4 (N.D. Cal. Apr. 17, 2015) (quoting *TCI Grp. Life Ins. Plan*, 244 F.3d at 700). But it is the "most important consideration." *Sorto v. Hannegan, Benson & Co., Inc.*, No. C08-00189 HRL, 2009 WL 1393063, at *2 (N.D. Cal. May 14, 2009).

Defendant Hawkins argues that her alleged conduct in this case was not unlawful because she had a power of attorney authorizing her to manager her father's bank accounts. (ECF No. 31 at 3.) She claims that her conduct was consistent with the power of attorney. (*Id.*) She has attached a motion to dismiss to her *ex parte* motion to set aside default which makes these assertions. (ECF No. 31 at 23–25.) Plaintiff disputes the merits of Defendant Hawkins' asserted defense, the resolution of which the Court does not deem to be proper when determining whether to set aside a procedural default. (ECF No. 34 at 13–14.) Given the strong interest in adjudicating cases on the merits and the fact that, if true, Defendant Hawkins' assertion that her conduct was authorized by a power of attorney could affect the outcome of this case on the merits, Defendant Hawkins has identified a meritorious defense that warrants setting aside the entry of default.[4]

---

[4] In her motion to set aside default, Defendant Hawkins also argues that she does not waive any claim that service on her was improper and that the Court therefore lacks personal jurisdiction over her. (ECF No. 31 at 3.) Defendant Hawkins' proposed motion to dismiss makes a similar assertion. (ECF No. 31 at 25.) To the extent that Defendant Hawkins intends to raise improper service as a basis for dismissal of the claims against her, Rule 12(b)(5) permits a party to raise that ground in moving to dismiss claims asserted against the party. Fed. R. Civ. P. 12(b)(5). Hawkins should assert such an objection in the motion to dismiss she files, or the Court will deem the challenge to service waived.

## IV.   CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendant Beryl Hawkins' *ex parte* motion to set aside the entry of default.  (ECF No. 28.)  The Clerk of the Court is directed to **SET ASIDE** the default entered against Defendant Beryl Hawkins. (ECF No. 55.)  The Court **TERMINATES AS MOOT** Plaintiff's motion to expedite a decision on whether to aside the default.

Because the default entered against Beryl Hawkins has been set aside, the Court **DENIES** Plaintiff's motion for default judgment.  (ECF No. 28.)  Defendant Hawkins is **ORDERED** to file the proposed motion to dismiss attached to the *ex parte* motion to set aside default **no later than Monday, July 30, 2018.**  The filed motion must include a proper hearing date for briefing purposes.  Should Defendant Hawkins fail to comply with this deadline, the Court will reconsider the propriety of setting aside the procedural default.

**IT IS SO ORDERED.**

Hon. Cynthia Bashant
United States District Judge

**DATED:  July 16, 2018**